# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

REGGIE HEYSE                                       CIVIL ACTION

VERSUS                                              NO. 18-1032-SDD-EWD

EAN HOLDINGS, LLC,
MOVIE TAVERN, INC., AND
SCOTT M. HOAG

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Reggie Heyse ("Plaintiff") on November 10, 2017 in Livingston Parish, Louisiana when Plaintiff's car was allegedly struck by the car driven by Defendant Scott M. Hoag ("Hoag").[1] On or about September 27, 2018, Plaintiff filed his Petition for Damages ("Petition") against Hoag, the alleged insurer of Hoag's vehicle, EAN Holdings, LLC, ("EAN") and Hoag's alleged employer, Movie Tavern, Inc. ("Movie Tavern") (collectively, "Defendants") in the Twenty-First Judicial District Court for the Parish of Livingston.[2] On November 20, 2018, Defendants Hoag and Movie Tavern removed the matter to this Court asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[3]

Paragraph three of the Notice of Removal alleges that Plaintiff is a "resident of and domiciled in the Parish of Ascension, State of Louisiana" and Hoag is "domiciled in the State of Georgia."[4] The same paragraph alleges that "Movie Tavern Inc., is a corporation organized and

---

[1] R. Doc. 1-1, ¶¶ 2-4.
[2] R. Doc. 1-1 and ¶¶ 7-8. Movie Tavern alleges it was served with the Petition on October 17, 2018 *and see* R. Doc. 1-2.
[3] R. Doc. 1, ¶ 4. There is no evidence in the Notice of Removal or attachments thereto indicating whether Defendant EAN has been served with the Petition. *See* R. Doc. 1.
[4] R. Doc. 1, ¶ 3.

registered in the State of Texas."[5] With respect to EAN, the Notice of Removal states that "EAN Holdings, LLC is a corporation organized and registered in the State of Delaware."[6]

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. In the Notice of Removal, citizenship appears to have been adequately alleged as to Plaintiff and Hoag and these parties appear to be diverse.[7] However, the citizenships of Movie Tavern and EAN have not been adequately alleged, as the former entity is only described as "a corporation organized and registered in the State of Texas" and the latter entity as "a corporation organized and registered in the State of Delaware."[8]

With respect to Movie Tavern, for purposes of diversity, "A corporation is a citizen of its place of incorporation and its principal place of business."[9] Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

With respect to EAN, the allegations differ as to what type of entity EAN is. While the Petition and Notice of Removal both allege that EAN's corporate name is "EAN Holdings, LLC,"[10] Plaintiff states that EAN is a "foreign limited liability company" but Defendants state that EAN is a "corporation."[11] Despite Defendants' corporate allegation, however, both parties agree that EAN's name contains an "LLC" designation, which suggests that EAN is a limited

---

[5] R. Doc. 1, ¶ 3.
[6] R. Doc. 1, ¶ 3.
[7] R. Doc. 1, ¶ 3.
[8] *Id.*
[9] 28 U.S.C. § 1332(c). *See also, Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").
[10] R. Doc. 1-1, ¶ 1 and R. Doc. 1, ¶ 3.
[11] *Id.*

2

liability company. As such, "[t]he citizenship of a limited liability company is determined by the citizenship of all of its members."[12] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company.[13]

In light of the foregoing, removing Defendants Movie Tavern and Hoag must properly identify the citizenships of Movie Tavern and EAN.

Proper information regarding the amount in controversy is also necessary to establish the Court's diversity jurisdiction.[14] Plaintiff's Petition only generally refers to Plaintiff's alleged damages and seeks recovery of past, present, and future: physical pain and suffering, mental anguish, loss of enjoyment of life, and medical expenses, as well as reasonable damages, costs, and interest.[15] These general allegations do not contain any information regarding the actual injuries Plaintiff allegedly sustained as result of the incident or the amount of expenses incurred thus far and are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."

---

[12] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[13] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[14] *See* 28 U.S.C. §1332(a).
[15] R. Doc. 1-1, ¶¶ 6 and 9.

3

*Davis v. JK & T Wings, Inc*., Civ. A. No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.

The Notice of Removal also does not contain enough information to indicate whether Plaintiff's claims will likely exceed $75,000. It merely states that, "This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000…."[16] However, as explained above, it is not facially apparent from the Petition that the jurisdictional minimum is met. It is thus unclear from the Petition and the Notice of Removal whether the amount in controversy requirement is met. Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[17]

Accordingly,

**IT IS HEREBY ORDERED** Defendants Movie Tavern, Inc. and Scott Hoag shall file a Motion to Substitute the Notice of Removal with a comprehensive amended Notice of Removal that properly alleges the citizenship of Defendant Movie Tavern, Inc. and EAN Holdings, LLC. Defendants Movie Tavern, Inc. and Scott Hoag shall have seven (7) days from this Notice and Order to file the Motion to Substitute.

**IT IS FURTHER ORDERED** that Defendants Movie Tavern, Inc. and Scott Hoag shall file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a) within ten (10) days of the date of this Notice and Order and that Plaintiff Reggie Heyse shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after

---

[16] R. Doc. 1, ¶ 4.
[17] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction sua sponte.").

4

the filing of Defendants' memorandum.  The supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether there is complete diversity of citizenship and whether the amount in controversy is met under 28 U.S.C. § 1332(a).  Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, December 6, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**